UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL ANTOINE NICOLAS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:      07-4642** |
| **FEDERAL EMERGENCY MANAGEMENT ADMINISTRATION, ET AL.** | **SECTION: "N" (4)** |

**REPORT AND RECOMMENDATION**

Before the Court is a **Plaintiff's Motion for Reconsideration (R. Doc. 39)** which was referred to the undersigned wherein the Plaintiff seeks an Order from the Court authorizing the withdrawal of funds from the Registry of the Court.

On January 4, 2011, Chase requested oral argument on the matter (R. Doc. 45), which was granted by the undersigned on January 7, 2011. (R. Doc. 46.) Subsequently, Chase requested that the hearing be continued. (R. Doc. 47.) The Court granted the request and continued oral argument until Wednesday, February 2, 2011. (R. Doc. 49.) However, counsel for Chase failed to attend the hearing. As a result, the motion was heard on the briefs.

**I.     Background**

The Plaintiff contends that, as a result of flooding and wind driven rain from Hurricane Katrina, his property located at 412 East Louisiana State Drive in Kenner, Louisiana was damaged. (R. Doc. 1.)  The property is subject to a mortgage with Chase Home Finance, LLC, who was not initially named as a party in the above-captioned matter.  The Plaintiff held an insurance policy for flood damage on the property with the Federal Emergency Management Agency ("FEMA") National

1

Flood Insurance company through its National Flood Insurance Program.

The Plaintiff contends that FEMA was notified immediately as to the damages of the subject property and was assigned an adjuster to examine the premises. FEMA provided an initial check for damages. However, the Plaintiff contended that the total flood damage to the premises exceeded the initial tender by FEMA. As a result, the Plaintiff filed the above captioned action contending that FEMA has arbitrarily and capriciously refused to pay the remaining costs of repair that is due under the policy. (R. Doc. 1.)

On April 16, 2008, the presiding Judge granted a joint motion to stay the proceedings and administratively close the case. (R. Doc. 18.) On November 4, 2009, the Plaintiff represented to the Court that a settlement agreement was reached between the parties in December of 2008.[1] (R. Doc. 21.) Specifically, FEMA remitted a check in the amount of $15,932.08 which it made payable to the Plaintiff, Michael Antoine-Nicolas, his counsel's law firm, Gautheir, Houghtaling, & Williams, and Chase Home Finance, LLC. However, Chase refused to endorse the check. The parties had attempted to resolve the matter without judicial intervention, to no avail. As a result, the Plaintiff moved to deposit the settlement funds into the Registry of the Court. (R. Doc. 21.) The request was granted by the presiding Judge. (R. Doc. 22.)

On December 3, 2009, the Plaintiff filed a Motion for Disbursement of Funds seeking an Order permitting the Plaintiff to withdraw the settlement funds deposited in the Registry of the Court, and providing his attorney priority over the settlement proceeds for his fees and costs. (R. Doc. 23.) On December 7, 2009, while the motion was pending, FEMA filed a motion for Joinder of a Necessary

---

[1]The Court notes that Carmen Rivera is also named as a Plaintiff in the above captioned matter. According to the Motion to Deposit Settlement Funds into the Registry of the Court (R. Doc. 21), only the Plaintiff, Michael Antoine-Nicholas, settled the above-captioned action with FEMA. *See* (R. Doc. 21, ¶ 2.)

2

Party, Chase Home Finance, LLC (R. Doc. 24) which was granted by the presiding Judge on the following day. (R. Doc. 26.) The presiding Judge also ordered Chase to file a response to the Motion to Disburse Funds within 20 days from service as provided in Fed.R.Civ.P. 12(a)(1)(C). The presiding Judge, considering its order joining Chase as a Defendant to the above captioned action, denied the Motion for Disbursement of Funds. (R. Doc. 29.)

Chase was served on January 8, 2010. Chase filed their Answer to the Complaint and their Memorandum in opposition of the Motion for Disbursement of Funds on February 3, 2010, five days after the deadline to respond set forth by the presiding Judge. (R. Docs. 30, 31.)

As to the instant motion, the Plaintiff requests that the Court reconsider his previously filed Motion to Withdraw Funds from the Registry of the Court and enter an order granting him, and his attorney's law firm, leave to withdraw from the Court's registry. The presiding Judge denied the motion, only to the extent that the Plaintiff sought disbursement of the settlement proceeds without Court approval of the amount to be disbursed to the Plaintiff's attorney. Specifically, the Plaintiff requests that the settlement funds be disbursed in the following manner: (1) $6,249.98 to his attorney's firm, Gauthier, Houghtaling, and Williams, which represents legal feels of 33 1/3% ( $5,310.69) and their incurred costs of $939.29, and (2) $9,682.10 made payable to the Plaintiff and Chase Home Finance LLC. Although Chase opposed the original Motion to Withdraw, it did not file an opposition to the subject Plaintiff's Motion to Reconsider.

**II.     Priority to the Funds Deposited in the Registry of the Court**

The Plaintiff contends that the Gauthier Firm is clearly entitled to its contingency fee derived from settlement funds it obtained for the homeowner because their privilege to the money is superior to the banks according to Louisiana law. Specifically, the Plaintiff cites to La.R.S. 37:218(A).

The Plaintiff claims that the Gauthier Firm has signed and executed a contingency fee contract

3

which creates an attorney's lien that outranks any and all obligations that the Plaintiff owes to Chase. The Plaintiff further claims that the rest of the proceeds should be disbursed jointly in the name of himself and Chase.

In contrast, in their original opposition, Chase contends that they are primarily entitled to the insurance proceeds under a Promissory Note and Mortgage executed by the Plaintiff. Specifically, Chase contends that paragraph 6 of its Mortgage entitles them to the funds. Paragraph 6 states as follows:

> In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect the Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.

Chase contends that no contrary agreement was reached, and therefore all of the funds must be provided to Chase to restore the Property in order to protect Chase's collateral. Chase contends that they have the full right to hold all of the funds pending an inspection of the property to their satisfaction that all work has been done properly and completely. Chase further contends that it is under no obligation to pay for the Plaintiff's attorney's fees because it is not contractually bound to do so.

It is undisputed that the Plaintiff's contract with the bank, entered into on April 5, 2004, predates the Plaintiff's contingency fee with his attorney, which was entered into on October 30, 2006. However, current case law on the matter dictates that the Plaintiff's attorney, rather than Chase, has priority over the settlement funds.

Under La. R.S. 37:218(A),

> By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property.  Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws.

In *Irons v. US Bank, Inc.*, 966 So.2d 646 (La. App. 4 Cir. Aug. 14, 2007) the court considered whether the plaintiff's counsel or his mortgagee was entitled to priority over a settlement agreement for additional insurance proceeds after the Plaintiff's property sustained damages from Hurricane Katrina.  The Court, in looking to La. R.S. 38:218(A), found that an attorney's lien under LA. R.S. 37:218 outranked the judgment creditor's claim under R.S. 13:3864 because the legislative intent behind LA. R.S. 37:2018 was "to assist the attorney in collecting his fee when he settles a case in the same way he is assisted by R.S. 9:5001, when he brings the suit to judgment." *Id.* at * 5, quoting *Calk v. Highland Constr. & Mfg.*, 376 So.2d 495, 499 (La. 1979).  The court, when looking to *Calk*, found that the statute gives an attorney "a privilege to the extent of his earned fee on any recovery obtained by settlement." *Id.*

The court found that permitting the bank to have a priority interest higher than that of the attorney would be patently unfair.  The court found that the mortgagee, a bank, made no effort to secure additional insurance proceeds from the property's insurance provider.  Therefore, but for the Plaintiff's lawsuit and the attorney's success in securing a favorable settlement, additional funds, which consequently benefit the mortgagee, would not have been obtained.  The court found that the mortgagee failed to protect its interest, yet expected to reap the benefits of the insured homeowner's and the insured homeowner's attorney's work and expense.  As a result, the court found that because it was the attorney, and not the mortagee that expended resources and efforts to obtain a larger

recovery on behalf of the homeowner, the attorney was entitled to priority. The court further reasoned that any other result would be untenable.

The instant action is identical to that presented in *Irons*. Here, Chase did not take any action to secure more settlement funds from FEMA or to otherwise protect its interest in their collateral. However, Chase seeks to reap the benefits of the settlement, to the detriment of the attorney responsible for securing the favorable outcome. As the court reasoned in *Irons*, to prohibit the Plaintiff's attorney from recovering his fees would be patently unfair and contrary to La. R.S. 37:218(A).

### III.    Reasonableness of Fees

Chase alternatively contends that, if the Plaintiff's attorney is entitled to priority for his fees, those fees must be reasonable. Chase contends that the fact that a contingency contract exists does not necessarily render the fees reasonable. Chase requests the "strictest proof" of attorney's fees.

To the extent that Chase contends that the contingency agreement between the Plaintiff and his attorney is not reasonable, the Court finds no authority, and Chase cites to none, which demonstrates that Chase has standing to contest the reasonableness of a third-party contract for attorney's fees. In addition, the Court finds no reason, nor does Chase cite to any concrete reason, why this contingency agreement is unreasonable.

### IV.    Conclusion

Accordingly,

**IT IS RECOMMENDED** that the **Plaintiff's Motion for Reconsideration (R. Doc. 39)** regarding his Motion for Disbursement of Funds (R. Doc. 29) be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that the funds currently in the Registry of the Court be withdrawn in the following manner:  (1) $6,249.98 be disbursed to the Plaintiff's attorney's firm,

Gauthier Houghtaling and Williams for attorney's fees and costs, and (2) $9,682.10 be made payable to the plaintiff, Michael Antoine-Nicolas and Chase Home Finance, LLC.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 18th day of April 2011

_____
**KAREN WELLS ROBY**
**UNITED STATES. MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.